[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13568
Non-Argument Calendar
_____

D. C. Docket No. 03-00688-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN SILVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 22, 2006)

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jonathan Silva appeals the 24-month sentence imposed after revocation of

his probation.  Silva's probation was originally imposed after he admitted to violating the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5042, for committing aggravated sexual abuse, 18 U.S.C. § 2241(a)(1), on national park grounds.   At that time, Silva was seventeen years old.  Almost two years later, Silva's probation officer filed an order to show cause why Silva's probation should not be revoked.  After a hearing, the court modified Silva's probation to include taking a cognitive skills class and wearing an electronic monitor for 180 days.  However, six months later, in March 2005, the court modified Silva's probation again after he failed to attend the class.  Finally, in June 2005, the district court held a revocation hearing after the probation officer alleged that Silva did not wear the electronic monitoring device, used illegal drugs, failed to report for drug testing, and failed to submit a truthful monthly supervision report.  Silva was nineteen at the time of the hearing.  After Silva admitted to the violations at the hearing, the court sentenced him to 24 months' imprisonment, although Chapter 7 recommended a sentence within the three to nine month range.

## I.

Silva contends that the district court improperly considered his age at the time of re-sentencing, rather than his age at the time he originally received probation, when it imposed a sentence which extended beyond his 21st birthday, in violation of 18 U.S.C. § 5037.   We review the interpretation of a statute, a

2

question of law, de novo. United States v. Pistone, 177 F.3d 957, 958 (11th Cir. 1999).

Title 18 of the United States Code, Section 5037 delineates the appropriate terms of probation or official detention for juveniles adjudged delinquent. 18 U.S.C. § 5037(b), (c).[1] The length of probation or detention depends on the age of the juvenile. For instance, a term of official detention for a juvenile delinquent "who is less than eighteen years old" may not extend beyond the lesser of "the date when the juvenile becomes twenty-one years old" or the relevant maximum term of imprisonment that would apply if the juvenile had been tried and convicted as an adult." § 5037(c)(1). In the case of a juvenile "who is between eighteen and twenty-one years old," and if convicted as an adult would be convicted of a Class A, B or C felony, the term of detention in the pre-amended version of § 5037 may not extend beyond five years. § 5037(c)(2)(A).[2]

---

[1] 18 U.S.C. § 5037 was amended effective November 2, 2002, and now explicitly states that the age at re-sentencing controls for purposes of imposing a term of detention upon revocation of probation. See § 5037(b) ("the application of sections 5037(c)(2)(A) and (B) shall be determined based upon the age of the juvenile at the time of the disposition of the revocation proceeding"). However, this amended section was not in effect when Silva originally received probation, and both parties, in their briefs, cite to the pre-amended statute. Furthermore, because no mention was made to amended subsection (b), the district court appears to have used the pre-amended statute when making its decision. As such, the pre-amended statute is used to decide the appeal. We note that the outcome of the appeal would be the same under either version of the statute.

[2] 18 U.S.C. § 5037(b) and (c), in its pre-2002 amendment form, provides:
(b) The term for which probation may be ordered for a juvenile found to be a juvenile delinquent may not extend--
      (1) in the case of a juvenile who is less than eighteen years old, beyond the lesser of--

We have not previously addressed the issue of whether § 5037(c) refers to the defendant's age at the time of the original sentencing or at the time of the revocation hearing.  This becomes important in cases such as this one, where the defendant was under eighteen at the time of the offense but over eighteen at the time of the revocation.

The rules of statutory construction guide us in deciding this issue.  "The first rule in statutory construction is to determine whether the language at issue has a

                         (A) the date when the juvenile becomes twenty-one years old; or
                         (B) the maximum term that would be authorized by section 3561(c) if the juvenile had been tried and convicted as an adult; or
       (2) in the case of a juvenile who is between eighteen and twenty-one years old, beyond the lesser of--
                         (A) three years; or
                         (B) the maximum term that would be authorized by section 3561(c) if the juvenile had been tried and convicted as an adult.
The provisions dealing with probation set forth in sections 3563, 3564, and 3565 are applicable to an order placing a juvenile on probation.

(c) The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend--
       (1) in the case of a juvenile who is less than eighteen years old, beyond the lesser of--
                         (A) the date when the juvenile becomes twenty-one years old; or
                         (B) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult; or
       (2) in the case of a juvenile who is between eighteen and twenty-one years old--
                         (A) who if convicted as an adult would be convicted of a Class A, B, or C felony, beyond five years; or
                         (B) in any other case beyond the lesser of--
                                  (i) three years; or
                                  (ii) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult.
Section 3624 is applicable to an order placing a juvenile under detention.

plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." United States v. Fisher, 289 F.3d 1329, 1337-38 (11th Cir. 2002) (internal quotation and citation omitted). Further, we will not "look at one word or term in isolation, but instead [will] look to the entire statutory context." United States v. DBB, Inc., 180 F.3d 1277, 1281 (11th Cir. 1999). Finally, we should not interpret a statute in a manner inconsistent with the plain language of the statute, unless doing so would lead to an absurd result. United States v. Weaver, 275 F.3d 1320, 1331 (11th Cir. 2001).

Two Circuits have already addressed this issue. The Eighth Circuit relied upon the plain meaning of this statute and held that it applies to the defendant's age at the time of the revocation hearing and not at the time of the imposition of the original sentence. See United States v. K.R.A., 337 F.3d 970 (8th Cir. 2003).

> The statute plainly states, using the present tense, that the relevant maximum term for official detention shall be based upon a juvenile "who is less than eighteen" or "who is between eighteen and twenty-one." [§ 5037(c) (emphasis added)] This same present tense language is used in determining the length of a term of probation. [§ 5037(b)] The statute does not refer to the age the juvenile was when she committed the original offense or when she was originally placed on probation.

Id. at 977. In United States v. A Female Juvenile, 103 F.3d 14 (5th Cir. 1996), the Fifth Circuit similarly relied upon the plain language of the statute. The court held

5

that an interpretation that the statute applied to the defendant's age at the time of the original offense would lead to an absurd result: "It is nonsensical to suppose that as a defendant draws nearer the age of twenty-one, the allowable penalty that a court may impose for violation of probation shrinks correspondingly." 103 F.3d at 17.

We agree with our sister circuits that the plain language of the statute governs, and that Silva's age at the time of the revocation hearing is the correct age to use when determining the maximum term of official detention under § 5037(c). Thus, the district court did not err.

## II.

Silva also argues that the district court abused its discretion in imposing a sentence above the recommended Chapter 7 guidelines range, U.S.S.G. § 7B1.4. We review a district court's decision to exceed the Chapter 7 recommended guidelines range for an abuse of discretion. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

The version of § 5037(b) at issue indicates that § 3565, governing revocation of probation, applies to juvenile probation orders.[3] Under that statute, a district

---

[3] The amended version of § 5037(b) does not say that § 3565 is applicable in such situation, but states that when deciding whether to revoke probation and order detention, the district court must consider "any pertinent policy statements promulgated by the Sentencing Commission." Thus, the district court would still be obligated to consider the Sentencing Commission's policy statements under the amended version of the statute.

court, upon finding that a defendant violated probation, may revoke the term of probation and impose a term of imprisonment after considering the factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3565(a). Relevant factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the kinds of sentences and sentencing ranges established under the applicable guidelines, and policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (2)(B), (4)(B). The sentencing court "shall state in open court the reasons for its imposition of a particular sentence, and if the sentence . . . is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2).

Chapter 7 of the Sentencing Guidelines governs violations of probation and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation. U.S.S.G. § 7B1.4, p.s. We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding. Aguillard, 217 F.3d at 1320. While the district court is required to consider the policy statements, it is not bound by them. United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000). When exceeding the recommended range, the court must normally indicate that it considered the Chapter 7 policy statements.

7

Aguillard, 217 F.3d at 1320.

The district court did not abuse its discretion in imposing a 24-month sentence on Silva. First, the 3 to 9 month range in Chapter 7 was not binding on the court. Second, the district court appropriately considered the range when it noted that a sentence above the guidelines range was necessary to respond to Silva's numerous probation violations. The district court thus stated its reasons for imposing a sentence outside the range as it was obligated to do under § 3553(c)(2). Furthermore, the record supports the district court's finding. Silva's original offense of aggravated sexual abuse was a violent and serious one, carrying with it, if he had been convicted as an adult, a maximum term of life imprisonment. He had also previously violated his probation on several occasions and had been treated leniently. As such, the district court did not abuse its discretion in exceeding the recommended Chapter 7 guidelines range.

Based on the foregoing, we affirm the sentence.

**AFFIRMED.** [4]

---

[4] Silva's request for oral argument is denied.