[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11982
Non-Argument Calendar
_____

D. C. Docket No. 02-80049-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITZEL RIOS,
a.k.a. Misael Rios,
a.k.a. Mitzael Rios,
a.k.a. Jose Santa Cruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 29, 2007)**

Before BIRCH, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

## I.

Mitzel Rios appeals his 21-month sentence, imposed following the revocation of his supervised release, 18 U.S.C. § 3583(e).

## II.

In 2002, Rios pleaded guilty in the Southern District of Florida to illegal re-entry, in violation of 8 U.S.C. § 1326, and was sentenced to 21 months imprisonment and 2 years supervised release. Under the terms of the supervised release, Rios was not to commit any other offenses under state or federal law. After his release from prison, Rios began his term of supervised release and was deported to Mexico. In July 2004, Rios was arrested in Arizona. He pleaded guilty to illegal re-entry and was sentenced to 21 months imprisonment.

After Rios's 2004 conviction in Arizona, a warrant was filed in the Southern District of Florida to revoke his supervised release based on his conviction for illegal re-entry. At a revocation hearing in 2006, Rios admitted that he violated the terms of his supervised release by re-entering the United States without permission. He informed the district court that he had been incarcerated since 2004 in Arizona and requested that the court impose a sentence that ran concurrently to the sentence he was already serving. The court denied the motion. According to the probation officer, Rios's sentencing range in this matter was 12 to

2

18 months, and the parties agreed to this sentencing calculation. The government, however, requested that the court impose a sentence to run consecutively to the sentence imposed for the illegal re-entry conviction in Arizona. The court then sentenced Rios to 21 months imprisonment, to run consecutively to the term imposed by the district court in Arizona, and an additional 1 year of supervised release. In reaching its decision, the court noted Rios's criminal history, which involved several violent crimes, and his multiple re-entries. The court also noted that it had sentenced Rios to the high end of the Guidelines range for the illegal entry conviction in 2002, which did not successfully deter his subsequent re-entry. Accordingly, the court determined that a sentence above the Guidelines range was appropriate. Rios objected to the sentence as unreasonable.

## III.

A district court's imposition of a sentence within statutory limits for violation of supervised release is reviewed for reasonableness.[1] United States v. Sweeting, 437 F.3d 1105, 1006 (11th Cir. 2005). A district court's decision to exceed the Guidelines range for revocation of supervised release is reviewed for abuse of discretion. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

---

[1] The maximum term of imprisonment for revocation of supervised release for a Class C or D felony is not more than two years. 18 U.S.C. § 3583(e)(3).

IV.

Rios argues that the sentence imposed was unreasonable because the court failed to consider the Guidelines range in light of the sentencing factors of 18 U.S.C. § 3553(a).

Under 18 U.S.C. § 3583(e), a district court may revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a), which provides that district courts imposing a sentence must first consider, inter alia, "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission." Sweeting, 437 F.3d at 1107; see also 18 U.S.C. § 3553(a).

Here, the district court considered the Guidelines range as set forth in Chapter 7 of the Sentencing Guidelines and found it insufficient in light of Rios's criminal history and repeated illegal re-entries.[2] The court also noted that it had

_____

[2] This court has held that the policy statements of Chapter 7 are advisory and not binding. United States v. White, 416 F.3d 1318 (11th Cir. 2005). Thus, although the district court is

previously sentenced Rios upon conviction for illegal re-entry in 2002, but that the sentence had not deterred Rios's continued criminal behavior. Although Rios argues that the court failed to consider the Guidelines range, the Guidelines for sentencing following revocation of supervised release were non-binding even before United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.E.2d 621 (2005). Moreover, the court indicated that it considered the range, but that the other sentencing factors justified the lengthier sentence. Silva, 443 F.3d at 799. In light of the record, the district court did not abuse its discretion in sentencing Rios above the advisory Guidelines range and the sentence imposed was reasonable.

Accordingly, we **AFFIRM.**

---

required to consider the policy statements, it is not bound by them. Id.