[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15378
Non-Argument Calendar

_____

D. C. Docket No. 05-00288-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMORIS LACKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 11, 2007)**

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

Lamoris Lackey pleaded guilty to fraud in violation of 18 U.S.C. § 371 in

October 2001 after police arrested him for his role in a conspiracy to forge and cash checks stolen from local businesses in the Tuscaloosa, Alabama area. As a result, the district court ordered that he pay approximately $12,000 in fines and restitution and that he serve a 24-month term of imprisonment, to be followed by a 36-month term of supervised release. Lackey fulfilled the 24-month prison term, but after (in his words) "almost 19 months of successful supervision," he violated several conditions of his supervised release. As a result, the district court imposed a second 24-month prison sentence, and that sentence is what Lackey appeals here. He contends that the district court abused its discretion when it exceeded the guidelines range for such a violation without adequately considering the requisite statutory factors.

## I.

Before the district court, Lackey admitted to substantially all of his probation officer's allegations concerning violations of the terms of his supervised release, which started in March 2003 after Lackey was released from prison. The most notable of these allegations concerned the first condition of Lackey's release, that he "shall not commit another federal, state, or local crime." On February 27, 2005—almost two years into his three-year period of supervision—Lackey punched his common-law wife in the face several times. And twice in November

2

of that year—with just three months left in the supervision period—Lackey returned to his old ways: he stole checks from a restaurant and auto repair shop, forged the checks, and then cashed them. Altogether, these episodes led to Lackey's prosecution and punishment for three state crimes—battery and "Theft by Receiving" (misdemeanors), and "Forgery in the First Degree" (a felony). In other words, Lackey had violated the first condition of his release not once, but three times.

On top of these run-ins with the Georgia criminal justice system, his probation officer alleged—and Lackey admitted—four other ways Lackey violated his supervised release terms. He failed to report for meetings with his probation officer as required in January and March 2005; he neglected to submit required, written monthly reports from February 2005 to October 2005; and he failed to notify his probation officer as required when he changed his address in December 2004. Furthermore, after an erratic schedule of paying his required monthly fine and restitution installments during the first year and a half of his supervised release, Lackey ceased making the payments altogether starting in December 2004.

The district court imposed the statutory maximum for a violation of supervised release while serving a sentence under 18 U.S.C. § 371, which is 24

months.[1]  That term exceeded the 8-14 month range suggested in United States

Sentencing Guidelines § 7B1.4 (Nov. 2005) for Lackey's criminal history category

and type of release violation.  In arriving at its result, the district court

acknowledged the guideline range, but recounted Lackey's "troubling record" of

two forgery convictions in the 1990s and the underlying fraud involving stolen

checks that led to the supervised release in the first place.  The fact that Lackey had

resumed his stolen-check scheme not once but twice while under the court's

supervision meant to the district court that "[s]upervision [was] not really practical

here."

## II.

On appeal, Lackey challenges the district court's decision to exceed the

range of prison sentences recommended in Chapter 7 of the Sentencing Guidelines

for revocation of a supervised release term.  Such a decision is reviewed only for

an abuse of discretion.  United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

A district court may revoke a term of supervised release and impose a term

of imprisonment after finding by a preponderance of the evidence that a defendant

---

[1]  The fraud statute under which Lackey was originally sentenced, 18 U.S.C. § 371, carries a statutory maximum of 5 years imprisonment and is thus considered a Class D Felony. See 18 U.S.C. § 3559(a)(4); 18 U.S.C. § 371.  For a Class D Felony, 18 U.S.C. § 3583(e)(3) authorizes a term of imprisonment upon revocation of supervised release of not more than two years. See 18 U.S.C. § 3583(e)(3).

has violated a condition of his supervised release and after considering certain statutory factors. See 18 U.S.C. § 3583(e). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence of criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendants with needed educational or vocational training, medical care, or other correctional treatment; (5) the applicable guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution. See id.; 18 U.S.C. § 3553(a). Although the district court is obligated to consider these factors as a whole, noting in our case law or that of the Supreme Court requires the district court to discuss each of them separately. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding, in a direct sentence appeal, that "nothing in [United States v.] Booker[, 543 U.S. 220, 125 S. Ct. 738 (2005)] or elsewhere" requires explicit discussion of the § 3553(a) factors).

The gist of Lackey's argument is that, in exceeding the guidelines recommendation, the district court considered his "history and characteristics" to the exclusion of all the other enumerated factors. And, Lackey says, those other factors "all mitigate for a reasonable sentence that is lower than that imposed by

5

the district court." In particular, Lackey argues that his "almost 19 months of successful supervision" mean that Lackey does not pose a serious risk to the public; that a guideline sentence provides ample deterrence; and that "[t]here is nothing to indicate that [Lackey needs] training, medical care or any other correctional treatment." Furthermore, Lackey argues, the district court's decision to exceed the Chapter 7 guideline range "by definition . . . created a sentencing disparity," and his outstanding restitution balance of approximately $9,500 cut against a sentence that would leave "no mechanism for demanding payment."

We are unpersuaded by Lackey's argument because as this case in fact shows, the statutory factors a sentencing court must consider overlap to a great extent. In lamenting Lackey's two attempts at passing stolen checks while on supervision, the district court's reasoning reflected not only Lackey's "history" of crimes involving fraud but also: (1) the "circumstances" of his violation (i.e., that the stolen-check incidents were a continuation of a longstanding pattern of fraud); (2) that stronger efforts would be needed to deter further criminal conduct by Lackey; and (3) that the public was still at risk of Lackey's stolen-check-passing inclinations even after his "almost 19 months of successful supervision." And since the court also explicitly noted the recommended guideline range, we know

6

that it considered at least four of the seven statutory factors. These circumstances show that the district court more than adequately considered the requisite factors. There was no abuse of discretion.

**AFFIRMED.**