[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 17, 2007
THOMAS K. KAHN
CLERK

No. 07-12183
Non-Argument Calendar

_____

D. C. Docket No. 04-00122-CR-001-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL JOSEPH ZEIGLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 17, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Earl Joseph Zeigler appeals his sentence imposed for violating his probation, 18 U.S.C. § 3565(a). Ziegler contends his sentence of 60 months' imprisonment is unreasonable because the district court did not adequately explain the upward variance to the statutory maximum, when the advisory Guidelines range was 3 to 9 months.

Under 18 U.S.C. § 3565(a), after the district court revokes a defendant's probation, the court shall consider the factors in 18 U.S.C. § 3553(a) before imposing a term of imprisonment. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006). The "factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the kinds of sentences and sentencing ranges established under the applicable guidelines, and policy statements issued by the Sentencing Commission." *Id*. at 798-99 (citing § 3553(a)). "Chapter 7 of the Sentencing Guidelines governs violations of probation and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation." *Id*. at 799 (citing U.S.S.G. § 7B1.4, p.s.).

We have noted that when imposing a sentence falling far outside of the Guidelines range, an extraordinary variance must be supported by extraordinary

2

circumstances. *United States v. McVay*, 447 F.3d 1348, 1357 (11th Cir. 2006). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007).

The Government concedes plain error because the district court did not set forth its reasons for the sentence and the record is inadequate to conduct meaningful appellate review. *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (reviewing a sentencing argument raised for the first time on appeal for plain error). We agree. Thus, we vacate and remand for resentencing.

**VACATED AND REMANDED.**