[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13683
Non-Argument Calendar

_____

D. C. Docket No. 03-00575-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENIE ALEXANDER JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 22, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Kenie James appeals his sentence of imprisonment for 24 months, which

was imposed after revocation of his supervised release. 18 U.S.C. § 3583(e)(3). James argues that his sentence is unreasonable. We affirm.

## I. BACKGROUND

James was indicted in October 2003 on 12 counts of knowingly making a false representation to a federally licensed firearms dealer. The charges stemmed from James's purchase of 51 guns over a period of five months from the Arrowhead Pawn Shop in Jonesboro, Georgia. Some of these weapons were seized by law enforcement officers in New York and traced to James. One month before his first gun purchase, James had pleaded guilty to the offense of driving under the influence and received a sentence of one day in jail, followed by 24 months of probation. James's probation was revoked seven months later after he failed to attend Alcoholics Anonymous meetings, failed to enroll in a six-week substance abuse class, failed to perform community service, and he appeared before his probation officer while legally intoxicated.

James entered a written plea agreement with the government. James pleaded guilty in May 2004 to count one of the indictment, which charged him with the purchase of six pistols from the Arrowhead Pawn Shop in February 2001. The district court sentenced James to 24 months of imprisonment followed by 36 months of supervised release and 150 hours of community service. After James

2

was arrested in July 2006 for a new DUI offense, the district court modified the conditions of James's supervised release and ordered James to complete an additional 50 hours of community service and participate in a drug and alcohol treatment program.

In February 2007, James's probation officer filed a petition to revoke James's supervised release because James had violated three terms of his probation: (1) James was arrested for a new DUI offense on February 14, 2007; (2) James failed to maintain employment for 30 hours a week; and (3) James failed to notify the probation officer about his new criminal charge. James admitted the allegations in the petition.

At sentencing, James presented mitigating evidence. James submitted a college transcript that reflected he had enrolled for 15 hours of classes in the semester preceding his arrest and a letter from a career advisor at a local human resources center who praised James's efforts to secure employment. Defense counsel proffered testimony from James's employer at Boston Market that James was a conscientious and punctual employee. Three witnesses testified that James had a promising career in the rap music industry, a forthcoming cameo appearance on a music television show, and had formed a new music company to assist free-lance musicians network with other members of the music industry. The witnesses

3

acknowledged that James had not been compensated for his involvement in any of these ventures.

Defense counsel acknowledged that James had a problem with alcohol abuse, but stated that James had participated in a six-month treatment program at Atlanta Psychological Associates after the district court modified James's sentence in 2006. The discharge summary stated that James had successfully completed treatment, but that he called the day after his discharge and admitted a relapse. Defense counsel requested that the district court release James on supervised release under home confinement with electronic monitoring and order James to return to Atlanta Psychological Associates for psychiatric evaluation and treatment for a "possible bipolar disorder[.]"

Counsel acknowledged that James faced a probation revocation proceeding for his DUI conviction in July 2006 and James had an outstanding warrant for his DUI offense in February 2007. James apologized for his past behavior and "ask[ed] for a second chance to pursue [his] dream" of a career in the music industry. When questioned by the district court, James admitted that he consumed alcohol to escape stressful circumstances.

The district court ordered James to serve the statutory maximum sentence of imprisonment for 24 months because, "[b]ased on [James's] record, . . . there [was

4

not] much [the court could] do to help [James] with [his] alcohol problem" when James had not altered his behavior despite his prospects in the music industry. The district court found that incarceration in excess of the applicable guideline range of 5 to 11 months of imprisonment was necessary "to protect society from the sort of behavior that [James] had exhibited, and . . . to show [James] that there are consequences to that sort of activity." Defense counsel objected to the sentence as "excessive."

## II. STANDARD OF REVIEW

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). We review for abuse of discretion the decision by the district court to depart from the sentencing range recommended under Chapter 7 of the Sentencing Guidelines. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

## III. DISCUSSION

James alleges that his sentence of imprisonment for 24 months following revocation of his supervised release is unreasonable. He contends that the sentence, which exceeds the recommended chapter 7 guidelines range, creates an unwarranted sentencing disparity and fails to account for James's medical care needs. We disagree.

5

A district court "may, after considering the factors set forth in section 3553(a) . . . revoke a term of supervised release" and incarcerate the defendant if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release[.]" 18 U.S.C. § 3583(e)(3). Factors relevant to that decision include (1) the defendant's history and characteristics, (2) the need to "promote respect for the law" and "provide just punishment[,]" (3) the need for deterrence, and (4) the protection of the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). Those considerations guided the district court to incarcerate James for the statutory maximum period of imprisonment.

The district court was familiar with James and the circumstances of his case and imposed a reasonable sentence. The district court rejected James's request to extend the term of his supervised release because James's efforts to cultivate his creative business ventures in the rap music industry would likely cause stress and induce James to drink. The district court also found that the shorter incarceration period recommended under the chapter 7 guidelines was not sufficient to remedy James's persistent criminal activity. After consideration of the statutory sentencing factors, the district court concluded that a longer term of imprisonment was necessary to address James's alcoholism, punish James, protect the public from James's habitual alcohol-related crimes, and deter similar future conduct. See 18

6

U.S.C. § 3553(a)(1), (a)(2)(A)-(C).  The district court also held James accountable for his history of violating the terms of his supervised release and probation in other cases and for failing to complete or benefit from alcohol treatment programs. See 18 U.S.C. § 3553(a)(1).  The district court did not abuse its discretion by departing from the range recommended by the Guidelines.

## IV. CONCLUSION

James's sentence is **AFFIRMED.**