[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2008
THOMAS K. KAHN
CLERK

No. 08-11194
Non-Argument Calendar
_____

D. C. Docket No. 01-08023-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARDSON BOCO,
a.k.a. Rich,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 26, 2008)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Richardson Boco appeals his thirty-six-month sentence that was imposed

upon revocation of his supervised release. On appeal, Boco argues that the district court's sentence was unreasonable. After review, we affirm.

## I. BACKGROUND

In July 2001, Boco pled guilty to conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In October 2001, the district court sentenced Boco to forty-six months' imprisonment and five years' supervised release. In September 2004, Boco began serving his supervised release term.

### A. Boco's violations of supervised release

In October 2005, Boco's probation officer reported that Boco had violated his supervised release by receiving citations for driving with a suspended license, speeding, and failing to maintain proof of insurance. The district court did not take any action against Boco at that time. In June 2006, the district court found that Boco had violated his supervised release by using a controlled substance and modified the conditions of Boco's supervised release to require him to participate in a home detention program for sixty days.

In February 2007, the district court required Boco to participate in a residential treatment center for 180 days because he violated his supervised release by: (1) unlawfully possessing or using a controlled substance; (2) leaving the

2

judicial district without permission from his probation officer; (3) failing to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (4) failing to submit a truthful and complete monthly report to his probation officer. In May 2007, the district court issued a summons because Boco again had violated his supervised release by being discharged from the residential treatment center for consuming alcohol.

In June 2007, Boco was arrested for violating his supervised release by: (1) failing to participate in the residential treatment center; (2) committing a robbery with a deadly weapon, aggravated battery with a deadly weapon, and aggravated assault with a deadly weapon; and (3) not reporting contact with law enforcement to his probation officer within seventy-two hours. The district court issued a warrant for Boco's arrest.

B. **Hearing on revocation petition before a magistrate judge**

In a December 2007 hearing before a magistrate judge, Boco admitted to being discharged from the residential center for alcohol consumption and failing to notify his probation officer that he had been questioned by law enforcement. As to the assault and robbery, Jonathan Beuter testified that Boco and another man attacked him while he was leaving a strip club and that Boco stabbed him in the chest with a knife, punched him, and robbed him of his gold necklaces and wallet.

3

Detective Orville Wright testified that he saw Boco speeding off in a car immediately after the attack. The magistrate judge's report ("R&R") found that Beuter's in-court identification of Boco and description of the attack were credible and thus found by a preponderance of the evidence that Boco committed the three violations. In an order dated January 2, 2008, the district court adopted the R&R.

## C.     Sentencing hearing before the district court

At sentencing, the district court reaffirmed its finding that Boco committed the three violations. The government recommended that the district court impose the statutory maximum of three years' imprisonment because of his criminal history and recidivism. Boco noted that the advisory guidelines range was twelve to eighteen months' imprisonment. Boco also argued that the district court should consider Boco's cooperation with the government in two unrelated cases. The government acknowledged that Boco had agreed to cooperate with the government, but argued that it would be premature for Boco to benefit from his cooperation because he had not yet been called to testify as a witness.

The district court acknowledged that it had considered the advisory guidelines range. Although it commended Boco for cooperating with the government, the district court stated that it would consider his cooperation only if the government filed a motion outlining the extent of Boco's cooperation and

4

requesting that he receive a reduction of his sentence.

The district court stated that it was "absolutely satisfied that Mr. Boco did, in fact, commit that assault which turned into a robbery on that young man" and discussed the sentencing factors in 18 U.S.C. § 3553(a). After reviewing the assault and robbery and noting that it occurred outside of a strip club where Boco apparently was a regular, the district court stated that "[i]t just makes you stop and wonder whether he is, frankly, trying to turn his life around or is he doing other things and certainly doing it in a way that is just going to send him back to the problems he is having before." The district court opined that instead of turning into a law-abiding citizen, Boco was "engaged in an activity that puts him on a trajectory back to what he was doing in the first place."

The district court expressed the need to impose a sentence that reflected the seriousness of the offense and the need to protect the public. The district court stated that this was a "serious offense" and that Boco needed to understand that he could not "do things like this." After examining the robbery and assault that occurred here and Boco's prior conduct, the district court stated that "[i]t really suggests that he learned nothing while on supervised release." Thus, the district court revoked Boco's supervised release and imposed a thirty-six-month sentence. Boco objected that the district court's sentence was unreasonable.

5

Boco filed this appeal.[1]

## II. DISCUSSION

"Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a)." United States v. Velasquez Velasquez, 524 F.3d 1248, 1251 (11th Cir. 2008). In addition, a district court is required to consider the policy statements in Chapter Seven of the Sentencing Guidelines, including the recommended ranges of imprisonment applicable upon revocation, but the policy statements are merely advisory. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

We conclude that the district court did not abuse its discretion in sentencing Boco above the advisory guidelines range to thirty-six months' imprisonment. The district court properly considered the advisory guidelines range and the § 3553(a) factors and imposed a sentence within the statutory range. The district court's thirty-six-month sentence was reasonable in light of the serious and violent nature

---

[1]We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1251 (11th Cir. 2008). A district court's decision to exceed the advisory sentencing range in Chapter Seven of the Sentencing Guidelines, U.S.S.G. § 7B1.4, is reviewed for an abuse of discretion. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

of Boco's violations and his repeated violations of the conditions of his supervised release in the past. The district court gave Boco several opportunities to rehabilitate himself by modifying his supervised release conditions. However, Boco failed to comply with, and continued to violate, the terms of his supervised release, this time by, inter alia, participating in an assault and robbery with a knife outside of a strip club. As the district court observed, Boco's conduct indicates that his previous term of imprisonment and supervised release did not provide adequate deterrence and that the thirty-six-month sentence was necessary to reflect the seriousness of his violations and deter him from future violations.

Finally, the district court did not abuse its discretion in failing to consider Boco's cooperation with the government in other cases because the government has not filed a motion, under U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure 35(b), requesting that Boco's sentence be reduced based on his cooperation. Consideration of such cooperation thus would be premature.

For all of these reasons, we affirm Boco's thirty-six-month sentence.

**AFFIRMED.**