[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15632
Non-Argument Calendar
_____

D. C. Docket No. 95-00009-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE GARNER,
a.k.a. Gene,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 16, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Eugene Garner appeals his concurrent 16-month sentences imposed upon revocation of his supervised release, 18 U.S.C. § 3583(e)(3). In 1995, Garner was convicted on two counts of distribution of cocaine and sentenced to concurrent 108-month sentences, to be followed by 5 years' supervised release. He was released from custody in 2002. In 2003, the district court revoked Garner's supervised release due to new state charges and sentenced him to consecutive 18-month sentences, to be followed by 3 years' supervised release. Garner was released from custody on November 29, 2005. In July 2008, the instant proceedings commenced when the probation officer petitioned the court to issue a warrant and revoke Garner's term of supervised release, based on six violations stemming from his arrest on state charges of possessing less than one ounce of marijuana. Garner stipulated to the violations alleged in the petition. The district court calculated the guidelines range at 5 to 11 months' imprisonment. However, based on Garner's criminal record and the fact that this was the second time Garner violated a term of supervised release, the court sentenced Garner to 16 months' imprisonment.

On appeal, Garner argues he accepted responsibility for the conduct outlined in the petition for revocation, he has not tested positive for any controlled substances since being placed on supervised release in 2005, he has obtained

2

steady employment since his release from prison, and he has fully cooperated with the probation office, aside from the recent state charge and the offenses that led to his 2003 revocation of supervised release. Garner also contends an extraordinary departure must be justified by extraordinary circumstances, but that his criminal history was already accounted for in his guidelines calculation.[1]

We review a sentence imposed upon revocation of supervised released for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). "We review a district court's decision to exceed the chapter seven guidelines' recommended sentencing range for an abuse of discretion." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." *Sweeting*, 437 F.3d at 1107. Moreover, Chapter 7 of the guidelines governs violations of supervised release and provides policy statements which the court

---

[1] Garner's original 108-month sentence resulted from a downward departure. On appeal, he also argues because his original guidelines range has been reduced by recent amendments to the guidelines, his original sentence should not now be construed as a downward departure for purposes of U.S.S.G. § 7B1.4, which states an upward departure may be warranted where a defendant's original sentence resulted from a downward departure. We do not consider this argument because the district court did not rely on the original departure in imposing the instant sentence.

must consider, although it is not bound by them.  *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006).

Here, the district court expressly considered the advisory guidelines range, as set forth in the U.S.S.G. § 7B1.4 policy statement.  Moreover, the court provided a detailed statement of its reasons for the sentences imposed, our review of which indicates the court adequately considered the relevant sentencing factors. Furthermore, the court's reasons support the sentences imposed in light of the circumstances of this case.  As a result, we conclude the district court did not abuse its discretion.

**AFFIRMED.**