[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10548
Non-Argument Calendar

_____

D. C. Docket No. 07-00278-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABIODUM AREMU BALOGUN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 19, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Abiodun Aremu Balogun appeals his sentence of 24 months of

imprisonment, which was imposed after revocation of his supervised release.

Balogun argues that his sentence is unreasonable. We affirm.

## I. BACKGROUND

In 2004, Balogun pleaded guilty to wire fraud and was sentenced to 33 months of imprisonment followed by 3 years of supervised release. As one condition of his release, Balogun agreed that he would not travel outside the judicial district without permission from his probation officer or the district court. Another condition of release required that Balogun pay restitution of $149,476.32 in monthly payments of $100.

In May 2008, Balogun's probation officer petitioned to revoke Balogun's supervised release. The probation officer alleged that Balogun had traveled to Nigeria without permission. The officer later filed an amended petition that added a charge that Balogun had failed to make seven monthly payments of restitution.

At the revocation hearing, Balogun admitted the two violations. Balogun's probation officer, Lorna Murphy, testified that Balogun sought permission to travel to Nigeria ostensibly to protect property owned by his family that was about to be seized by the government. Murphy instructed Balogun to submit paperwork to substantiate his need to travel. Balogun provided some documents, including a diagram of property in Nigeria allegedly owned by Balogun and his wife and two

2

newspaper articles about a dispute over property in the "Lekki Trouble Zone" and the "fate of communities" in a "free trade zone." Balogun also gave Murphy the telephone number of a person in Lagos, Nigeria, but Balogun did not state that the contact could tell Murphy about the property dispute. Murphy remained unconvinced of the purpose for Balogun's trip, and she denied Balogun permission to travel. Murphy told Balogun that she would revisit his request on April 28, 2008.

On April 28, 2008, Murphy called Balogun, but he did not answer his telephone. The next day, Balogun called Murphy and said he was in Nigeria. Murphy told Balogun that he had violated a term of his supervised release and instructed him to return to Georgia. Murphy also refused to mail Balogun's passport to Nigeria, which was in her possession because he had violated his probation by traveling to Nigeria a year earlier. Murphy filed a motion to revoke Balogun's supervised release and obtained a warrant for his arrest.

Murphy later received a call from a Canadian official who stated that Balogun was in custody in Canada. Balogun was arrested after he attempted to use false documents to enter the United States. Balogun later was transported to Georgia.

On cross-examination, Murphy testified that, when Balogun was arrested, he

had in his possession three fraudulent credit cards. Murphy also testified that Balogun had previously disregarded a ruling of a district court in Florida and traveled to Nigeria because he allegedly needed to visit his mother, who was ill. Balogun was punished and forced to relinquish his passport.

Folake Balogun, Balogun's wife, testified that Balogun had to travel to Nigeria to preserve his ownership interest in family property that the government of Nigeria intended to transfer to the Chinese government. Folake also testified that one of Balogun's cousins was making a false claim for the property. Folake stated that she had traveled to Nigeria before Balogun but she was unable to resolve the dispute about the property.

The parties requested different sentences. The government asked the district court to revoke Balogun's supervised release and sentence Balogun to two years of imprisonment, which is the maximum sentence allowed under the statute. 18 U.S.C. § 3583(e)(3). Balogun asked the district court to impose a sentence at the low end of the advisory guideline range, which was between 5 and 11 months of imprisonment, because he had been truthful with, but had not been treated fairly by, the probation office.

The district court revoked Balogun's supervised release and sentenced him to 24 months of imprisonment. The district court explained that it based Balogun's

sentence on "the evidence that's been presented and [Balogun's] statement and the recommendations of counsel." The court acknowledged that a two-year sentence was the statutory maximum and exceeded the advisory guideline range, but found that the range was "simply inadequate given [Balogun's] conduct both in this district and up in New York." The district court found that "Balogun's conduct in leaving the district when he knew he did not have permission and he knew how serious it was particularly in light of the fact that there had been a prior incident where he did exactly the same thing" was "very egregious." The district court also found that Murphy was entitled to be skeptical about the purpose for Balogun's travel because Balogun had been convicted of fraud and the documents he had submitted to Murphy were not "particularly convincing" that Balogun "had a burning need to go to Nigeria." Balogun submitted to the district court three other documents about the property in Nigeria: a letter to Balogun that stated he had paid the "tenement rate for the year 2005"; a survey of the property that Balogun allegedly owned in Nigeria; and a letter from the government of Lagos stating it had compensated communities affected by the Lekki Free Trade Zone Project. The district court stated that the documents did not "change [its] conclusions" because they failed to prove that Balogun was required to travel to Nigeria or what he did in Nigeria.

## II. STANDARD OF REVIEW

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). We review for abuse of discretion the decision by the district court to depart from the sentencing range recommended under Chapter 7 of the Sentencing Guidelines. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

## III. DISCUSSION

Balogun argues that his sentence is unreasonable. Balogun argues that the district court failed to consider the statutory factors and should not have varied from the advisory guideline range. Balogun also argues that the district court failed to take into account his criminal history or the type of violation that Balogun committed. We disagree.

Balogun's sentence is procedurally and substantively reasonable. The district court considered the sentencing factors, the circumstances of his case, and imposed a reasonable sentence. The district court rejected Balogun's request for a sentence within the advisory guideline range because Balogun had twice disregarded orders not to travel to Nigeria, he had failed to prove an urgent need for his most recent trip, and New York authorities had found him in possession of fraudulent credit cards. The district court found that a two-year sentence was

necessary to punish Balogun for defying the restrictions on his travel and to deter similar future conduct.  <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B).  The district court did not abuse its discretion by varying from the range recommended by the Sentencing Guidelines.

## IV. CONCLUSION

Balogun's sentence is **AFFIRMED**.