[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-13290
Non-Argument Calendar

_____

D. C. Docket No. 03-00261-CR-4-CLS-TM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR STEVEN RICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 4, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Arthur Steven Rich appeals the sentence imposed upon revocation of his

supervised release. On appeal, Rich challenges for the first time the district court's decision to run his 18-month sentence consecutive to the state sentences Rich is serving. After review, we affirm because Rich has not shown he is entitled to relief under the plain error standard of review that governs unpreserved appellate issues.

## I. BACKGROUND

In July 2003, Rich pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 37 months' imprisonment, followed by three years of supervised release. The terms and conditions of the court's supervision, among other things, prohibited Rich from committing another federal, state, or local offense, including the possession of a controlled substance. Rich began serving his term of supervised release on March 24, 2006.

In July 2007, the United States Probation Office petitioned the district court to revoke Rich's supervised release. The probation office alleged that in May 2006, Rich was arrested by the Cherokee County, Alabama Drug Task Force and charged with, inter alia, methamphetamine trafficking, first-degree criminal mischief, and possession of a controlled substance. The probation office later informed the district court that Rich had pled guilty to the above three charges and

had received concurrent life sentences.

The district court held a revocation hearing, at which Rich admitted pleading guilty to, and receiving concurrent life sentences for, methamphetamine distribution (down from the trafficking charge), first degree criminal mischief, and possession of a controlled substance. The district court informed Rich that although his applicable guideline range under the policy statements found in Chapter Seven of the United States Sentencing Guidelines was 33-41 months' imprisonment, the court could not impose a sentence above the statutory maximum of 24 months' imprisonment for revocation of supervised release for a class C felony. The government requested a maximum sentence of 24 months' imprisonment.

The district court then considered whether Rich's federal sentence should run consecutively to or concurrently with his state sentences. The district court asked what the sentencing guidelines said on the issue, and the government cited U.S.S.G. § 7B1.3(f) (2008), which states:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

The district court reviewed this guideline provision and said, "It does appear to nail

3

it, doesn't it?" The government agreed. The district court then told Rich's counsel

that it believed § 7B1.3(f) was mandatory rather than advisory:

> I'm looking at the application notes in the commentary to Guideline Section 7B1.3, and the one specifically relating to subsection (f), [where] the Commission recommends that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation. So it's pretty specific in three times using the word "shall," which in law means "must," as I explained to your client.
> I don't think I have any – I think that the advisory nature of the sentencing guidelines after the Booker decision is that the range of punishment is discretionary, but it does not speak specifically to this type of language, where you're told that you shall make a sentence run consecutive.

The district court later stated expressly that Rich's federal sentence "must run

consecutive to [his state sentences] by the guidelines and law."

At the conclusion of the hearing, the district court revoked Rich's supervised

release and sentenced Rich to 18 months' imprisonment, to run consecutively to

Rich's state sentences. The district court asked whether the parties had any

objections. Rich's counsel stated that he did not.

## II. DISCUSSION

On appeal, Rich raises a single issue. He contends that the district court

committed reversible error by treating as mandatory U.S.S.G. § 7B1.3(f), the

United States Sentencing Commission policy statement calling for sentences

4

imposed upon revocation of supervised release to be imposed consecutively. Because Rich did not raise this objection in the district court, the plain error standard of review applies. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, we have "only a limited power to correct errors that were forfeited because they were not timely raised in the district court." Id. (quotation marks and brackets omitted).

To establish plain error, Rich must show (1) error, (2) that is plain, and (3) that affects his substantial rights. United States v. Sanchez, 586 F.3d 918, 930 n.30 (11th Cir. 2009). "If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (brackets omitted).

The first two prongs of the plain error test are satisfied here. This Court has stated on several occasions – both before and after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) – that the policy statements in Chapter Seven of the sentencing guidelines are advisory rather than mandatory. See, e.g., United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006) ("We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding."); United States v. Hofierka, 83 F.3d 357, 360 (1996) ("We have unequivocally held that the Chapter 7 policy statements are merely advisory, i.e., they are not

5

binding."). And, as the transcript of the revocation hearing makes clear, the district court treated § 7B1.3(f) as mandatory. This was an error, and it is plain.

Nevertheless, Rich cannot show that the district court's error affected his substantial rights. To satisfy the "affected substantial rights" prong of the plain error test in a sentencing appeal, a defendant must show a reasonable probability that he would have received a different sentence but for the district court's error, that is, that the error actually made a difference. United States v. Arias-Izquierdo, 449 F.3d 1168, 1190 (11th Cir. 2006); Rodriguez, 398 F.3d at 1299-1300. And the defendant, not the government, bears the burden of persuasion on this point. Rodriguez, 398 F.3d at 1299-1300.

In Rodriguez, we stated that when the record does not clearly show us what effect an error had on the result, the appellant cannot meet the third prong of the plain error test:

> [W]here the effect of an error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected.

Id. at 1301. More specifically, where a criminal defendant alleges that the district court plainly erred in imposing sentence by treating a provision of the sentencing guidelines as mandatory, and the record provides no indication that the district

court would have imposed a different sentence if it had recognized the guidelines provision as advisory, "the party with the burden of showing a reasonable probability of a different result loses. That party is the defendant." Id. at 1304 (quotation marks omitted).

This is such a case. It is unclear from the record in this case what the result would have been had the district court correctly ascertained that the § 7B1.3(f) policy statement was merely advisory. The district court might have had Rich's federal sentence run concurrently with his state sentences, or it might have imposed a consecutive federal sentence anyway. We simply do not know.[1] Consequently, Rich cannot show that the district court's error affected his substantial rights, and he cannot prevail under the plain error standard of review that controls here.

**AFFIRMED.**

---

[1]The district court knew the guidelines range was advisory but still sentenced Rich to 18 months' imprisonment, even though the court could have gone lower on the number of months of imprisonment so that, for example, Rich would have had only six months of federal imprisonment to serve consecutive to his state sentences. Thus, if anything, the record reflects that the district court desired that Rich serve some federal time beyond his state sentence.