[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 6, 2012
JOHN LEY
CLERK

No. 11-13661
Non-Argument Calendar
_____

D.C. Docket No. 4:03-cr-00031-CDL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL CASH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 6, 2012)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Samuel Cash, Jr. appeals his 24-month upward-variance sentence imposed for violating the conditions of his supervised release. Cash asserts the district court placed disproportionate emphasis on his criminal history and ignored his substance-abuse problems in imposing his sentence, and thus his sentence is substantively unreasonable.

After review, we conclude Cash's sentence was substantively reasonable in light of the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing the substantive reasonableness of a sentence under an abuse of discretion standard, taking into account the totality of the circumstances and the extent of any variance from the Guidelines range). The record demonstrates that, in determining Cash's sentence, the district court considered the Chapter 7 policy statements,[1] determined that the 5-to-11-month Guidelines range was not long enough to serve the purposes of § 3553(a), and found that an upward variance was warranted. *See United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006) (stating a district court is required to consider these policy statements, and when exceeding the recommended range, "must normally indicate that it considered [them]"). Specifically, the court noted the seriousness of Cash's violations and that he had absconded for three years, indicating that he had no regard for the conditions of

---

[1] Chapter 7 of the Sentencing Guidelines governs violations of supervised release.

his supervised release. Thus, the district court accounted for the need to promote respect for the law, the nature and circumstances of the offense, and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1)-(2). Although Cash contends the court focused exclusively on his criminal history in imposing his sentence, the record shows the court accounted for the other § 3553(a) factors, and this Court will not disturb the district court's weighing of the § 3553(a) factors absent a clear error of judgment by the district court. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (stating this Court will remand for resentencing only if it is "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case"). Further, contrary to Cash's argument, the court specifically addressed his substance-abuse problem by recommending his participation in a substance-abuse program while incarcerated. Thus, we affirm Cash's sentence.

**AFFIRMED.**