[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12084
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00051-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 3, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

In 2002, Maurice Harris pleaded guilty to one count of conspiracy to possess with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(B)(iii).  In sentencing Harris for that crime, the district court calculated his advisory guidelines range as 140 to 175 months imprisonment.  The court then granted the government's substantial-assistance motion under United States Sentencing Guidelines § 5K1.1 and imposed a below-guidelines sentence of 72 months imprisonment and 8 years supervised release.  Harris' term of supervised release began in May 2006.

In August 2013, a probation officer petitioned the district court to revoke Harris' supervised release.  The petition charged Harris with one violation.  That November, the probation officer filed an amended petition that charged Harris with four additional violations.  At the revocation hearing, Harris admitted to three of the five violations charged, and the government declined to proceed on the other two.  The district court then calculated an advisory guidelines range of 7 to 13 months imprisonment, which it based on a criminal history category of V (the criminal history category applicable at the time Harris was originally sentenced) and a violation grade of C.  See U.S.S.G. § 7B1.4(a).  But it did not sentence Harris within that range.  Instead, exercising its authority under 18 U.S.C. § 3553(a), it varied up and imposed the statutory maximum sentence of 60 months imprisonment.

Harris contends that the district court abused its discretion when it sentenced him to an above-guidelines sentence of 60 months.  He argues that, in imposing that sentence, the district court improperly considered the conduct underlying the two violations to which he did not admit.

We review for reasonableness a sentence imposed upon revocation of supervised release.  See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).  When reviewing for reasonableness, we apply a deferential abuse of discretion standard.  See Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007); United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).  We first ensure that the district court committed no significant procedural error and then examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  See Gall, 552 U.S. at 51, 128 S. Ct. at 597.  The party who challenges the sentence has the burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  See United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Harris' 60-month sentence was both procedurally and substantively reasonable.  The district court properly calculated Harris' advisory guidelines range pursuant to United States Sentencing Guidelines § 7B1.4.  It then considered that range, decided to vary up, and imposed the statutory maximum sentence of 60 months.  As the sentencing transcript shows, in varying up, the court did not

3

consider the conduct underlying the two violations that Harris did not admit. Instead, the court varied up "primarily [because Harris] got a break at the time of [his original] sentencing" thanks to the government's substantial-assistance motion and received a sentence that was almost fifty percent lower than the bottom of his advisory guidelines range.  Under those circumstances, the court's decision to vary up and impose a 60-month revocation sentence was not an abuse of discretion.  See 18 U.S.C. § 3583(c); id. § 3553(a)(4)(B) (providing that, in the case of a violation of supervised release, the court must consider the applicable guidelines or policy statements issued by the Sentencing Commission in fashioning a sentence); U.S.S.G. § 7B1.4 cmt. n.4 (providing that, "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), . . . an upward departure may be warranted").

**AFFIRMED.**