[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10760
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00495-JSM-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS LIBED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 23, 2021)

Before WILLIAM PRYOR, Chief Judge, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Louis Libed appeals his sentence of 18 months of imprisonment imposed following the revocation of his supervised release. 18 U.S.C. § 3583. Libed argues that his sentence is unreasonable. We affirm.

The district court committed no procedural error. It correctly calculated that Libed had an advisory guidelines range of 18 to 24 months of imprisonment, a maximum sentence of 3 years of imprisonment, and could serve up to 60 months on supervised release based on his grade A violation and his criminal history of III. The district court stated that Libed's sentence was based on his and his attorney's arguments, the Sentencing Guidelines, and the statutory sentencing factors, 18 U.S.C. § 3553. That statement provided a sufficient explanation for the sentence selected. *See Rita v. United States*, 551 U.S. 338, 356–57, 359 (2007); *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc). Among other sentencing factors, the district court had to consider "any pertinent policy statement." *Id.* § 3553(a)(5); *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006). The policy statements in Chapter Seven of the Sentencing Guidelines recommend that "the sanction imposed upon revocation . . . be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." United States Sentencing Guidelines Manual Ch. 7, Pt. B intro. cmt.

Libed's sentence is also substantively reasonable. Less than a year after he served 120 months in prison for possessing five grams or more of methamphetamine, Libed was charged with domestic violence, false imprisonment, strangulation, and tampering with a witness, and he sold 104.5 grams of cocaine to a confidential informant in a series of four transactions. And Libed had committed the methamphetamine offense while on supervised release after completing a 236-month term in prison for distributing cocaine. The district court reasonably decided to run Libed's sentence to a term at the low end of his advisory guideline range consecutive to the sentence for his underlying offense to address the seriousness of his violation and his recidivism, to deter him from similar future conduct, and to protect the public. *See* 18 U.S.C. § 3553. Before imposing sentence, the district court considered Libed's arguments to mitigate his sentence based on his difficult childhood, lack of education and job skills, drug addiction, and age. Libed's sentence is substantially less than his maximum statutory penalty of 3 years of imprisonment. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court did not abuse its discretion.

We **AFFIRM** Libed's sentence.

3