[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11665
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00122-CR-J-20TEM


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD DUANE SMITH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 18, 2009)

Before EDMONDSON, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ronald Duane Smith appeals the 24-month sentence imposed upon revocation of his supervised release. No reversible error has been shown; we affirm.

Smith, who was on supervised release after serving the incarceration portion of his sentence for travel with intent to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b), offers no challenge to the revocation of his supervised release.[1] But on appeal, Smith argues that his sentence -- the statutory maximum -- is unreasonable because (1) the district court relied on impermissible sentencing factors, including the need for the sentence to reflect the seriousness of the underlying offense, promote respect for the law and provide just punishment for the underlying offense; and (2) the reasons given by the court for his sentence were unsupported by the record.

Pursuant to 18 U.S.C. § 3583(e), a district court may revoke supervised release and impose a term of imprisonment after considering certain 18 U.S.C. §

---

[1]Smith committed the following supervised release violations: (1) failing to participate in mental health counseling specializing in sex offender treatment; (2) having direct contact with a minor; and (3) failing to comply with a home detention program. He admitted to the second and third violations and the district court, after hearing testimony, determined that he committed the first.

3553(a) factors. We review a sentence imposed upon revocation of supervised release for reasonableness in the light of the section 3553(a) factors cited in section 3583(e). United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). And we evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007) (in the context of original criminal sentencing). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[2]

We conclude that Smith's sentence is reasonable. Smith's sentence does not exceed the statutory maximum. See 18 U.S.C. § 3583(e)(3). Although Smith's sentence exceeded significantly the advisory sentencing range set out in the Chapter 7 policy statements, the district court was not required to sentence Smith within that range.[3] See United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006) (explaining that the recommended ranges are advisory; and the court, while

_____

[2]In addition, we review de novo whether the district court considered impermissible factors in sentencing a defendant. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).

[3]Smith's Chapter 7 sentencing range was 5 to 11 months, based on Smith's original sentencing criminal history score of III and commission of Grade C supervision violations. See U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a).

required to consider the ranges, is not bound by them).

In addition, the district court heard Smith's and the government's arguments and noted that, after considering both the guidelines range and the section 3553(a) factors, an above-guidelines sentence was appropriate. The district court considered Smith's history and characteristics, noting that he had not taken advantage of the treatment opportunities provided to him by failing to comply with his mental health treatment program. See § 3553(a)(1). The district court also noted that, based on the nature of Smith's supervision violations, his chances of recidivism were high, which required that he be incarcerated to provide deterrence and to protect the public from him. See § 3553(a)(2)(B), (C).

These reasons are supported by the record. Smith failed to comply fully with his mental health treatment program by disrupting counseling sessions, omitting information from his journals about his contacts with teenage boys, and fabricating cardiac symptoms that would allow him to discontinue treatment. Smith also had contact with two minors, including a 15-year-old boy that he later admitted he was sexually attracted to, which indicated that Smith had a high risk of recidivism and was a danger to the public. See U.S.S.G. § 7B1.4, comment. (n.3) (explaining that in the case of a Grade C violation that is associated with a high risk of new felonious conduct -- such as violation of a condition that a defendant

4

not associate with children by a defendant under supervision for a criminal sexual abuse conviction -- an upward departure may be warranted).

The court considered no impermissible factors. Smith is correct that the factors in section 3583(e) do not include the need for the sentence to reflect the seriousness of the underlying offense, promote respect for the law, or provide just punishment for the underlying offense. See 18 U.S.C. §§ 3583(e), 3553(a)(2)(A). But that the district court was not sentencing Smith for the underlying offense is clear; instead, the court's statements reflect an intent to sanction Smith for his supervised release violations. See U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b) (noting that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator").[4]

On this record, no abuse of discretion has been shown; and we conclude that Smith's sentence is reasonable.

AFFIRMED.

---

[4]While the district court used the term "punishment," it is clear that the court imposed consequences for Smith's supervised release violations -- and not his underlying offense -- based on several factors authorized by section 3583(e). Smith also argues that incarceration was not an adequate means of rehabilitation; but the court was not sentencing Smith for rehabilitation purposes. Instead, the court determined that Smith was not amenable to rehabilitation and, thus, he required incarceration.