[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12886
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:02-cr-00507-JDW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH J. ITALIANO,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2011)

Before EDMONDSON, BARKETT and MARCUS, Circuit Judges.


PER CURIAM:

Joseph Italiano appeals his 24-month sentence imposed upon revocation of his supervised release. No reversible error has been shown; we affirm.

Italiano, who was on supervised release after serving the incarceration portion of his sentence for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and money laundering, in violation of 18 U.S.C. § 1956, does not challenge the revocation of his supervised release.[1] He argues, however, that his sentence -- the statutory maximum -- is unreasonable because (1) no reasonable justifications compelled an upward variance from the advisory guideline range; and (2) the district court abused its discretion by summarily rejecting Italiano's poor health[2] as a mitigating factor and by concluding that he did not accept responsibility for violating his supervised release.[3]

---

[1] Italiano committed these supervised release violations: (1) committing grand theft; (2) providing false information on his monthly supervision report; (3) twice failing to notify the probation officer within 72 hours after being questioned by a police officer; and (4) engaging in employment involving the management of money. On appeal, he does not challenge that he committed these violations.

[2] Italiano asserts that he suffers from serious health problems, including diabetes, and had a near fatal heart attack while in state custody.

[3] Italiano also asserts that his sentence, which includes an additional year of supervised release, is "not entirely logical" because, after serving the two-year maximum sentence for violation of his supervised release, he could no longer be punished for any further violation of his supervised release. This argument is without merit. First, the maximum statutory penalty for violating his supervised release was four years, including two years for each of his underlying convictions. Second, Italiano could be prosecuted for any further criminal activity he committed while on supervised release.

Pursuant to 18 U.S.C. § 3583(e), a district court may revoke supervised release and impose a term of imprisonment after considering certain 18 U.S.C. § 3553(a) factors. We review a sentence imposed upon revocation of supervised release for reasonableness in the light of those section 3553(a) factors referenced in section 3583(e). United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). And we evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Italiano's sentence is reasonable. His sentence does not exceed the statutory maximum. See 18 U.S.C. § 3583(e)(3). And, although his sentence exceeded significantly the advisory sentencing range set out in the Chapter 7 policy statements, the district court was not required to sentence him within that range.[4] See United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006) (explaining that the recommended ranges are advisory and that the sentencing

---

[4]Italiano's Chapter 7 sentence range was four to ten months. See U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a).

court, while required to consider the ranges, is not bound by them).

After considering the parties' arguments, the guidelines range, and the section 3553(a) factors, the district court concluded that an above-guidelines sentence was appropriate. First, the court considered Italiano's history and characteristics, noting that he had prior convictions for securities fraud and writing worthless checks, in addition to the wire fraud charges for which he was on supervised release. See § 3553(a)(1). The court also concluded, based on Italiano's comments at the revocation hearing, that he lacked remorse and would likely engage in similar fraudulent acts in the future. As a result, the court concluded that an above-guidelines sentence was necessary to represent the seriousness of the offense and to protect the public from further crimes. See § 3553(a)(2)(A), (C).

The district court's reasons were supported by the record. At the revocation hearing, rather than accepting responsibility for his conduct, Italiano blamed it on a miscommunication with the bank, the poor economy, and his diabetes. He also demonstrated an express intent to continue to "manage" other people's money as soon as he completed his sentence, stating that he should have waited until he completed his supervised release before engaging in the offensive conduct.

In sentencing Italiano, the district court also noted that, although Italiano's

health issues were an important consideration, the Bureau of Prisons would be capable of addressing them. Given the other factors supporting an above-guidelines sentence and the lack of evidence that the Bureau of Prisons was incapable of addressing Italiano's health concerns, he has not demonstrated that the district court abused its discretion. See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (holding that the weight to be afforded any given section 3553(a) factor "is a matter committed to the sound discretion of the district court.").

Because Italiano failed to demonstrate that the district court abused its discretion, we conclude that his sentence is reasonable.

AFFIRMED.