[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10701
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:04-cr-00020-CDL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 30, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Tommy Jones appeals the sentence imposed upon him following revocation of

his term of supervised release.  Jones argues that: (1) his above-guidelines sentence

was unreasonable because his violations of the terms of his supervised release were only technical violations; and (2) an upward variance from the sentence suggested under the Guidelines was not warranted because none of the Chapter Seven policy statements for justifying an upward variance are applicable to his case. After thorough review, we affirm.

We review the sentence imposed upon the revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). We review a district court's decision to exceed the Chapter 7 recommended guideline range for abuse of discretion. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

In reviewing sentences for reasonableness, we typically perform two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting

Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  In explaining the sentence, the district court need not specifically discuss each of the§ 3553(a) factors, if it is clear from the record that the district court properly considered all the factors.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Id. (quoting Gall, 552 U.S. at 51).  This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  Talley, 431 F.3d at 788.  "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, ___ S.Ct. ___ (2011).  We will "vacate the sentence if, but only if, we are left with the definite and

_____

[1]  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010).

The justification for a variance from the guideline range must be "sufficiently compelling to support the degree of the variance." Irey, 612 F.3d at 1186-87 (quotation omitted). We "may not presume that a sentence outside the guidelines is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 1187 (quotation omitted). Furthermore, a district court does not abuse its discretion when it merely attaches "great weight" to a single, permissible factor or set of factors. Gall, 552 U.S. at 56-59.

"Chapter 7 of the Sentencing Guidelines governs violations of [supervised release] and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation." Silva, 443 F.3d at 799 (citing U.S.S.G. § 7B1.4). We have consistently held that the policy statements of Chapter 7 are

merely advisory and not binding.  Id.  However, the district court is required to consider the statements, and when exceeding them, "must normally indicate that it considered [them]."  Id.

In this case, the district court did not abuse its discretion in imposing a sentence that represented an upward variance from the sentence suggested under the Guidelines.  The district court concluded that Jones's history of violating the terms of his supervised release necessitated the imposition of a sentence above the range recommended under the Guidelines.  The court's determination was fully justified in light of the frequency and immediacy of Jones's violations following his release.  The upward variance was also justified by the fact that Jones's supervised release had been revoked previously for use of a controlled substance and failure to report, and Jones had again engaged in the same conduct.  Moreover, the court considered the § 3553(a) factors and found that the recommended sentence was insufficient to comply with the statutory purposes.  This finding was not error and Jones has presented no argument adequate to suggest that it was.  Therefore, we affirm the decision of the district court.

**AFFIRMED.**