[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10432
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00027-DHB-WLB-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZACHERY TALLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 11, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Zachery Talley appeals his 24-month above guidelines-range sentence, imposed for violating the terms of his probation. Talley was originally sentenced to a term of five years' probation following his guilty plea to one count of conspiracy to use access devices fraudulently, in violation of 18 U.S.C. § 371. On appeal, Talley argues (1) he was not given proper notice that the court intended to "depart" from the guidelines range, and (2) his sentence was excessively harsh. After review, we affirm Talley's sentence.

I.

Talley first argues he was not given proper notice that the district court intended to "depart" from the guidelines range of three to nine months. He contends he was denied an opportunity to defend against an excessively harsh sentence.

Talley failed to object before the district court; thus, we review for plain error, which exists only where (1) there is an error; (2) that is plain or obvious; and (3) that affects the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). In *United States v. Hofierka*, 83 F.3d 357, 362–63 (11th Cir. 1996), we held that a district court's decision at a revocation hearing to sentence outside the range suggested by the Chapter 7 advisory policy statements is not a "departure" that would require advance notice. Thus, the district court did not

2

plainly err when it failed to give Talley notice before sentencing him outside the advisory guidelines but within the statutory maximum.

II.

Talley next argues his 24-month sentence for violating the terms of his probation was excessively harsh in light of the nature of the offenses for which his probation was revoked and his criminal history.

We review for an abuse of discretion a district court's decision to exceed the Chapter 7 advisory guidelines range. *See United States v. Silva,* 443 F.3d 795, 798 (11th Cir. 2006). We review the sentence imposed upon the revocation of probation for reasonableness. *See United States v. Sweeting,* 437 F.3d 1105, 1106-07 (11th Cir. 2006) (addressing supervised release). The party challenging the sentence has the burden of establishing the sentence was unreasonable. *United States v. Talley,* 431 F.3d 784, 788 (11th Cir. 2005).

Here, the district court did not abuse its discretion in imposing a sentence of 24 months' imprisonment, nor was the sentence unreasonable. The policy statements of Chapter 7 are merely advisory, and the district court, after considering a number of § 3553(a) factors, found that a sentence exceeding the guidelines' range was necessary. Under the totality of the circumstances, the sentence was not greater than necessary to achieve the purposes of sentencing,

3

especially considering the leniency the court exercised when it sentenced Talley the first time. *See* 18 U.S.C. § 3553(a). Talley has not met his burden to show the sentence was unreasonable.

**AFFIRMED.**