[DO NOT PUBLISH]

IN UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13813
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:04-cr-00032-HES-TEM-19

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CRUZ SOLIS, JR.,
a.k.a. Crow,
a.k.a. Cuyin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 22, 2012)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Cruz Solis, Jr. appeals his 24-month sentence imposed upon revocation

of his supervised release, pursuant to 18 U.S.C. § 3583(e)(3). Solis argues that his 24-month sentence, which is above the advisory guidelines range, is substantively unreasonable. After review, we affirm.

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).[1] The district court must consider the policy statements in Chapter 7 of the Sentencing Guidelines, one of which provides recommended, non-binding ranges of imprisonment. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

Here, the parties do not dispute that, with a Grade C violation and a criminal history category of I, Solis's recommended guidelines range under advisory Chapter 7 was three to nine months' imprisonment. See U.S.S.G. § 7B1.4(a). Because Solis was on supervised release for a Class B felony, the statutory

---

[1]The relevant § 3553(a) factors the court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the guidelines range and pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3583(e) (cross referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).

2

maximum imprisonment sentence upon revocation was three years. See 18 U.S.C. § 3583(e)(3).[2]

We review a sentence imposed upon revocation of supervised release for reasonableness, using the deferential abuse-of-discretion standard. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). The party challenging the sentence has the burden to show it is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Here, Solis has not shown that his 24-month sentence was substantively unreasonable. Solis pled guilty to conspiracy to distribute cocaine and marijuana. Solis's role in the conspiracy was to distribute small amounts of marijuana and cocaine to various people on a regular basis. By the time Solis was arrested on the drug conspiracy charge, he had a long history of substance abuse and a prior

_____

[2]Solis does not challenge the district court's finding that Solis violated the terms of supervised release or argue that the district court committed any procedural error.

conviction for possession of marijuana. Before Solis pled guilty, he violated the conditions of his pretrial release six times by using either marijuana or cocaine. As a result, Solis's bond was revoked.

Solis was sentenced to 59 months in prison, followed by five years' supervised release. As conditions of supervised release, Solis could not use or possess any controlled substance and was required to attend drug treatment and to submit to periodic drug testing.

After completing his prison term, Solis was released on May 20, 2009 and began supervised release. By November 2009, Solis had successfully completed a drug treatment program. However, in July and August 2009, Solis tested positive for cocaine. Solis re-enrolled in drug treatment and agreed to thirty days of location monitoring. In December 2009, Solis successfully completed his second drug treatment program.

On January 31, 2011, Solis was a passenger in a car stopped by law enforcement. Officers found cocaine residue, a spoon and scales in the car. Solis was arrested and charged with possession. Although the charges were later dropped, Solis admitted using cocaine. A subsequent test confirmed the presence of cocaine and marijuana in his urine.

In February 2011, Solis re-enrolled in drug treatment. In May 2011, Solis's

4

urine tested positive for cocaine. In July 2011, Solis provided another urine sample, which tested positive for marijuana.

In short, Solis violated the conditions of supervised release multiple times by using cocaine and marijuana despite the fact that he participated three times in drug treatment programs while on supervised release. Although the district court warned Solis in May 2011 that he would receive an imprisonment sentence if he violated the conditions of his supervised release again, Solis had used cocaine and marijuana less than a month later.

Based on the number of times Solis "failed to live up to [his] supervision," the district court concluded that Solis was "not supervisable" and that "a sentence in excess of the suggested guideline range is appropriate in this case." Although Solis's 24-month sentence was fifteen months above the advisory guidelines range, it was twelve months below the statutory maximum. Given Solis's repeated inability or unwillingness to comply with the conditions of supervised release, we cannot say the district court's decision to vary upward was unreasonable.

**AFFIRMED.**