[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14403
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00193-CEM-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN LETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 11, 2016)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brian Lett appeals the 24-month sentence of imprisonment he received following the revocation of his supervised release.  *See* 18 U.S.C. § 3583(e)(3). Lett argues that his sentence above the advisory guideline range of 6 to 12 months is substantively unreasonable.  After careful review, we affirm.

In 2011, Lett pled guilty to credit-card fraud and aggravated identity theft. He was sentenced to 45 months in prison followed by three years of supervised release.  Lett began serving his term of supervised release on September 30, 2013.

In July 2015, a probation officer petitioned the district court to revoke Lett's supervised release.  The petition alleged that Lett had violated the terms of his supervised release by committing two state criminal offenses: (1) Felony Battery (Great Bodily Harm, Permanent Disability or Permanent Disfigurement) on May 4, 2014; and (2) Possession of Drug Paraphernalia on March 16, 2015.  Lett was convicted of both offenses in Florida state court.  The probation officer also submitted with the petition a memorandum discussing Lett's supervision history and the underlying details of the two state offenses.

At the revocation hearing, Lett admitted the two violations of his supervised release.  The district court adjudicated Lett guilty and calculated an advisory guideline range of 6 to 12 months of imprisonment based on Lett's criminal history category of II and his commission of a Grade B supervision violation.  *See* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a).  Lett faced a maximum statutory revocation

2

sentence of 24 months of imprisonment. *See* 18 U.S.C. § 3583(e)(3). Lett personally addressed the court, stating that he accepted responsibility and wanted to move forward.

Both parties put forth their views on an appropriate sentence. Lett argued that a sentence of 6 months in prison with no supervision to follow would be appropriate, citing the fact that he would remain under state supervision for the felony-battery offense when released from federal custody. The government recommended a sentence of 12 months in prison, citing Lett's history of non-compliance with the conditions of his supervised release despite receiving "a number of breaks."

The district court upwardly varied from the guideline range and sentenced Lett to the statutory maximum of 24 months in prison with no supervision to follow. Based on the information provided by probation, the court found that Lett was "someone who doesn't care at all about [his] supervision" and that his conduct while on supervision was "very severe."

Lett argues on appeal that his sentence is substantively unreasonable because this was his first violation of supervised release and the record is devoid of any adequate reason to justify an upward variance, aside from the court's "impression that it must severely punish Lett for his violation."

3

We review the sentence imposed upon revocation of supervised release, including a sentence above the recommended guideline range, for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008); *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 591 (2007). The party who challenges the sentence bears the burden of showing it is unreasonable. *United States v. Dean*, 635 F.3d 1200, 1209 (11th Cir. 2011).

When revoking a defendant's term of supervised release and sentencing the defendant, the district court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence and to protect the public; (3) the kinds of sentences and the Guidelines range; (4) any pertinent policy statements; and (5) the need to provide restitution to any victims. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(C), (a)(4), (a)(5), (a)(7). The district court has the discretion to determine the weight given to any particular § 3553(a) factor and does not need to discuss each factor. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). In sentencing a defendant upon the revocation of supervised release, the district court is not bound by the guideline range established by the Sentencing Guidelines. *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006).

When we review the reasonableness of a sentence outside the guideline range, we cannot presume that such a sentence is unreasonable and we must give due deference to the district court's decision that the § 3553(a) factors justify the extent of the variance. *United States v. Irey,* 612 F.3d 1160, 1186-87 (11th Cir. 2010) (*en banc*) (stating that the justification given should be sufficiently compelling to support the degree of variance). "[W]e are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks omitted).

Here, Lett has not shown that his sentence is substantively unreasonable. The district court considered the advisory guideline range of 6 to 12 months, the § 3553(a) factors, and the parties' arguments, and then determined that an upward variance was appropriate based on Lett's conduct while on supervised release, including the severity of one of the underlying violations and Lett's history of non-compliance with the conditions of his supervised release. The record supports the reasons given by the court for imposing the maximum sentence of 24 months in prison. *See Irey*, 612 F.3d at 1186-87.

While this was the first time a court had adjudicated Lett guilty of violating the conditions of his supervised release, the record supports the district court's

5

finding that Lett had shown through his conduct that he did not "care at all" about complying with the terms of his supervision.  For example, while on supervised release Lett had been arrested multiple times, tested positive for controlled substances multiple times, and failed to report his June 28, 2014, arrest to his probation officer, in addition to the two violations at issue.  Lett's general failure to abide by the terms of his supervised release supports the court's conclusion that an upward variance was appropriate.  *See Silva*, 443 F.3d at 799 (finding that an upward variance was warranted based on the defendant's numerous probation violations).  Moreover, the court based the upward variance in part on the severity of the conduct underlying the felony-battery violation: Lett had threatened and physically assaulted his fiancée in the presence of their children.  As a whole, the district court's sentence reflects the court's consideration of a number of § 3553(a) factors, including the history and characteristics of the defendant and the need for the sentence to deter further criminal conduct and to protect the public.

Giving due deference to the district court's determination that the § 3553(a) factors justify the upward variance, Lett has not shown that his sentence was outside the range of reasonable sentences based on the facts of the case.  *See Irey*, 612 F.3d at 1186-87, 1190.  Accordingly, we affirm Lett's revocation sentence.

**AFFIRMED.**