[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17377
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00381-ODE-JMF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT JEROME TRIPODIS,
a.k.a. Edward Bourley,
a.k.a. Melvin Dudley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 31, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Everett Tripodis appeals the 24-month custodial sentence he received after the district court revoked his supervised release. He argues on appeal that the revocation sentence, which was 10 months above the applicable guideline range, was substantively unreasonable. After careful review, we affirm.

In 2006, Tripodis pled guilty to tampering with the vehicle identification number ("VIN") of a stolen car, in violation of 18 U.S.C. § 511; mail fraud, in violation of 18 U.S.C. § 1341; and conspiracy to transport stolen motor vehicles and tampering with a VIN, in violation of 18 U.S.C. §§ 511 and 2312. For these offenses, the district court sentenced him in May 2007 to a total term of 60 months of imprisonment, followed by 3 years of supervised release. The court ordered that the sentence run consecutively to a 19-month revocation sentence that had been imposed in January 2005 in connection with similar offenses.

Tripodis began serving the 3-year term of supervised release in February 2010. That term of supervised release was revoked in September 2011, after the district court determined that he had engaged in new criminal activity, again involving car theft. The court sentenced him to 18 months of imprisonment followed by 18 months of supervised release.

Tripodis was released from federal custody in August 2012 and began serving the 18-month term of supervised release. Two months later, however, he was convicted in Georgia state court of a November 2010 burglary, and he was

2

sentenced to 12 years of imprisonment.  He was released from state custody to parole in March 2015, and his federal supervised-release term, which had been tolled while he was in state custody, was reinstated.

Tripodis again violated the conditions of his supervised release in or around December 2015, again for conduct involving car theft.  A petition to revoke his supervised release was filed in July 2016.

After holding a two-day revocation hearing, the district court found that Tripodis had violated the terms of his supervised release.  The court revoked his supervised release and imposed a custodial sentence of 24 months with no supervision to follow.  The court explained that the guideline range of 8 to 14 months was "totally unsuitable" in this case, citing Tripodis's cycle of recidivism, his history of fraud, and his "total failure to have learned anything while serving a sentence in this case."  Tripodis now brings this appeal.

We review the sentence imposed upon revocation of supervised release for reasonableness, which amounts to review for an abuse of discretion.  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008); *see United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016).  The party who challenges the sentence bears the burden of showing it is unreasonable.  *Trailer*, 827 F.3d at 936.

If a defendant violates a condition of his supervised release, the district court may revoke the defendant's supervised release and impose a prison term.  18

U.S.C. § 3583(e)(3). When sentencing a defendant upon revocation of supervised release, the district court must consider the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence and to protect the public. *See* 18 U.S.C. § 3553(a). The court may give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). And the court is not bound by the applicable guideline range and may impose a sentence up to the statutory maximum, which, in this case, was 24 months of imprisonment. *See United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006).

We may not presume that a sentence outside the guideline range is unreasonable, and we must give due deference to the district court's decision that the § 3553(a) factors justify the extent of the variance. *United States v. Irey,* 612 F.3d 1160, 1186–87 (11th Cir. 2010) (*en banc*) (stating that the justification given should be sufficiently compelling to support the degree of variance). We will vacate a sentence only if we are convinced that the sentence imposed by the district court truly is unreasonable based on the facts of the case. *See id.* at 1190; *Rosales-Bruno*, 789 F.3d at 1254–56.

Here, the district court did not abuse its discretion. The court thoroughly explained its consideration of various § 3553(a) factors and why the guideline

4

range was "totally unsuitable" in Tripodis's case.  We agree that a sentence above the guideline range and at the statutory maximum of 24 months of imprisonment was reasonable in light of Tripodis's recidivism and, as the district court put it, his "total failure to have learned anything while serving a sentence in this case."  Even after having his initial term of supervised release revoked in this case, and then serving an 18-month prison sentence, Tripodis continued to engage in criminal conduct, again involving car theft.  *See Silva*, 443 F.3d at 799 (finding that an upward variance was warranted in part based on the defendant's numerous probation violations).  Based on his criminal history and the need to deter his criminal conduct, among other factors, the district court appropriately exercised its discretion to vary upward from the guideline range of 8 to 14 months of imprisonment and to impose a sentence at the statutory maximum of 24 months of imprisonment.  *See Irey*, 612 F.3d at 1190; *Rosales-Bruno*, 789 F.3d at 1254–56.

**AFFIRMED.**