[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13330
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00004-JRH-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO ANTONIO ROBERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 20, 2019)

Before WILLIAM PRYOR, MARTIN and HULL, Circuit Judges.

PER CURIAM:

Lorenzo Antonio Roberson appeals his 24-month imprisonment sentence imposed upon the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e).  On appeal, Roberson argues that his revocation sentence is procedurally and substantively unreasonable.  After review, we affirm.

## I.  BACKGROUND

### A.    Conviction and Supervised Release

In 2009, Roberson was indicted on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One), and one count of possession of cocaine, in violation of 21 U.S.C. § 844 (Count Two).  Pursuant to a written plea agreement, Roberson pled guilty to Count One in exchange for dismissal of Count Two.

The district court sentenced Roberson to 57 months' imprisonment, followed by 3 years of supervised release.  The relevant standard conditions of Roberson's supervised release included that he: (1) regularly work at a lawful occupation; (2) pay court-ordered fines; (3) report to the probation officer as directed by the court or probation officer; (4) truthfully answer all inquiries of the probation officer; (5) refrain from committing any federal, state, or local crimes; (6) refrain from unlawfully possessing or using any controlled substance; and (7) notify the probation officer within 72 hours of being questioned by a law enforcement

2

officer.  Also, Roberson had a curfew from 10:00 p.m. until 6:00 a.m. as a special condition of his supervised release.

## B.    Prior Revocations of Supervised Release

Roberson's first term of supervised release began in September 2015.  In 2017, Roberson's supervised release was revoked because (1) he tested positive for cocaine during a drug screening in November 2015, (2) he failed to pay court-ordered fines, (3) he was arrested for disorderly conduct in January 2016, (4) he was arrested for possession of marijuana, possession of cocaine, and driving on a suspended license in February 2016, and (5) he failed to comply with his curfew in January 2016.

In the first revocation order, the district court sentenced Roberson to 14 months' imprisonment, followed by 12 months of supervised release.  The district court ordered that the conditions of supervised release in Roberson's original judgment remain in effect.  Roberson was released from prison in May 2017.

Again in 2017, Roberson's supervised release was revoked because he committed a crime approximately one month after resuming supervised release.  In June 2017, Roberson was charged with obstruction of a law enforcement officer.

In the second revocation order, the district court sentenced Roberson to 9 months' imprisonment, followed by 12 months of supervised release.  The district

3

court ordered that the conditions of supervised release in Roberson's original judgment remain in effect.

## C.    Instant Petition for Revocation and Addendums

After serving his prison sentence, Roberson's supervised release commenced in December 2017.  Over the next seven months, Roberson's probation officer reported that Roberson violated the conditions of his supervised release eight times.  Specifically, in June 2018, Roberson's probation officer filed the instant petition for revocation of supervised release.  The petition alleged that Roberson had violated the conditions of his supervised release four times by: (1) testing positive for cocaine in January 2018; (2) testing positive for cocaine in May 2018; (3) failing to notify the probation officer within 72 hours of contact with law enforcement after being stopped for traffic violations; and (4) failing to comply with his curfew in May 2018.

In an addendum to the petition filed in June 2018, Roberson's probation officer further alleged that Roberson violated the conditions of his supervised release three more times by: (5) being fired from his employment for failing to call or show up for three consecutive days in June 2018; (6) not responding truthfully to the probation officer's inquiry about why he failed to report to work; and (7) failing to report for a drug screening in June 2018.

4

Finally, in a second addendum to the petition filed in July 2018, the probation officer alleged that Roberson violated his conditions for an eighth time by: (8) failing to report to the probation officer in July 2018.

## D.     Probation Officer's Supervised Release Revocation Report

In July 2018, Roberson's probation officer filed a supervised release revocation report in the district court.  The report advised that Roberson's supervised release violation was a Grade C violation and that Roberson's criminal history category was III.  Therefore, Roberson's advisory guidelines range was 5 to 11 months' imprisonment, pursuant to U.S.S.G. § 7B1.4.  The report also stated that the maximum term of imprisonment for revocation of supervised release for a Class C felony was two years, pursuant to 18 U.S.C. § 3583(e)(3).  Further, if the district court revoked Roberson's supervised release, the district court could require Roberson to serve that two-year prison sentence.

## E.     District Court's Final Revocation Hearing

At a final revocation hearing, the district court read Roberson all eight of the probation officer's allegations in the petition and addendums.  Roberson admitted and stipulated to all of the violations.

Neither party objected to the guidelines calculations in the supervised release revocation report.  The district court then adopted the report's guidelines calculations.  Based on a Grade C supervised release violation and a criminal

history category of III, Roberson's advisory guidelines range was 5 to 11 months' imprisonment.

Roberson's counsel stated that Roberson had been employed for three months after his supervised release commenced, but that he had a hard time keeping up with the job's demands. Counsel explained that Roberson's behavior was "starting to conform with an orderly society" and that Roberson had gained custody of his daughter and was paying child support for his son. Counsel asked the district court to consider the children's dependence on Roberson in determining an appropriate sentence. Also, his counsel stated that Roberson had not received any new criminal charges and explained that Roberson had a drug problem that needed treatment. Roberson's counsel requested that the district court return Roberson to supervised release with increased restrictions.

Roberson then addressed the district court. He explained that he did not know how to seek help for his problems and that he used drugs because he was stressed. Roberson also stated that he would like to be out of prison to take care of his children.

The district court noted that Roberson was the first defendant that it had seen return three times for revocation of supervised release and stated:

> Which tells me that you're incapable of being supervised. I just don't know how that's possible . . . . [S]upervised release does not mean that you are free to do whatever you want to do . . . . [Y]ou're given the chance to be on supervised release rather than in custody, but you're

6

also expected to comply with the rules and conditions and regulations of that supervised release and what I have seen from you is just the complete inability to follow the rules.

The government responded that Roberson was not looking after his daughter when he violated his supervised release conditions and that it was disrespectful for him to continue to "thumb his nose at the requirements." Also, the government contended that if Roberson needed help, he could have asked for it when he tested positive for cocaine in January 2018. The government argued that Roberson had completely disregarded the conditions of his supervised release and was incapable of being supervised. The government did not recommend a sentence.

After hearing the parties' arguments, the district court found that Roberson had violated the conditions of his supervised release and revoked his supervised release. The district court stated that, pursuant to § 3583(e), it had considered the 18 U.S.C. § 3553(a) factors and the policy statements in Chapter 7 of the Sentencing Guidelines. In particular, the district court stated that it had carefully considered the nature and circumstances of the offense and Roberson's history and characteristics. The district court explained that Roberson had learned nothing from his two prior revocations and that he displayed a "complete lack of respect for the [c]ourt, for the [c]ourt's rules, for the authority of the [U.S.] Probation Office and of this court." The district court stated that Roberson has issues with dishonesty and trying to hide his actions and that he is unwilling to be supervised.

The district court also found compelling the need to protect the public from Roberson's further crimes.

The district court sentenced Roberson to 24 months' imprisonment. The district court explained that it had varied upward from the advisory guidelines range of 5 to 11 months' imprisonment because, based on the § 3553(a) factors mentioned—the nature and circumstances of Roberson's offense, the history and characteristics of Roberson, and the need to protect the public from Roberson's further crimes—a 24-month sentence was an appropriate response to Roberson's continuing supervised release violations. Roberson's counsel objected to the above-guidelines sentence.

## II.  DISCUSSION

When a defendant violates a condition of supervised release, the district court may revoke the supervised release term and impose a prison term after considering certain factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(3); United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). The relevant § 3553(a) factors the district court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public from the defendant's further crimes; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the relevant guidelines

8

range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. See 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).

The district court also must consider the policy statements in Chapter 7 of the Sentencing Guidelines, which includes, inter alia, non-binding ranges of imprisonment. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006). According to the policy statements in Chapter 7, any sentence imposed upon revocation is a sanction for the defendant's breach of trust. U.S.S.G. ch. 7, pt. A, 3(b). The application notes to Chapter 7 also provide that "[r]evocation of . . . supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision." U.S.S.G. § 7B1.3 cmt. n.1.

We review a sentence imposed upon the revocation of supervised release for reasonableness under the deferential abuse of discretion standard. Sweeting, 437 F.3d at 1106-07. We first consider whether the district court committed any significant procedural error and then whether the sentence is substantively reasonable in light of the relevant § 3553(a) factors and the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). The

party who challenges the sentence bears the burden to show the sentence is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007)). A district court is "free to consider any information relevant to [a defendant's] background, character, and conduct in imposing an upward variance." Tome, 611 F.3d at 1379 (quotation marks omitted). We will vacate such a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted). We do not presume that a sentence outside of the guidelines range is unreasonable and give due deference to the district court's decision that the § 3553(a) factors support its chosen sentence. United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc).

If a district court revokes a term of supervision, it may require the defendant to serve in prison all or part of the term of supervised release that is statutorily authorized for the offense that resulted in the supervised release term. 18 U.S.C.

10

§ 3583(e)(3). Here, where the underlying offense was a Class C felony, the district court could have imposed a prison term of up to two years. Id.; see also 18 U.S.C. §§ 922(g)(1), 924(a)(2), 3559(a)(3). Further, the parties do not dispute that, with a Grade C supervised release violation and criminal history of III, Roberson's recommended imprisonment range under advisory Chapter 7 of the Guidelines was 5 to 11 months' imprisonment. See U.S.S.G. § 7B1.4(a).

## A.    Procedural Reasonableness

On appeal, Roberson argues that the district court erred by disregarding the Chapter 7 advisory guidelines range and relevant § 3553(a) factors. Roberson contends that the district court found compelling the need to protect the public from his further crimes pursuant to § 3553(a)(2)(C), but Chapters 4 and 7 of the Guidelines already took his criminal history into consideration.

Roberson has not shown that his sentence is procedurally unreasonable. The district court did not abuse its discretion because it considered the § 3553(a) sentencing factors and the Chapter 7 policy statements, pursuant to § 3583(e). See 18 U.S.C. § 3583(e). Indeed, the record shows that the district court, in determining the appropriate sentence, explicitly considered pertinent § 3553(a) factors, including the nature and circumstances of Roberson's offense, Roberson's history and characteristics, and the need to protect the public from Roberson's further crimes. See id. (citing 18 U.S.C. § 3553(a)(1), (a)(2)(C)).

11

Also, the district court adequately explained its upward variance to 24 months' imprisonment by stating on the record its reasons for deviating from the Chapter 7 advisory guidelines range of 5 to 11 months' imprisonment. See Williams, 526 F.3d at 1322. The court deviated based on the § 3553(a) factors it expressly mentioned—the nature and circumstances of Roberson's offense, Roberson's history and characteristics, and the need to protect the public from Roberson's further crimes. See Tome, 611 F.3d at 1379.

To the extent Roberson argues that the district court abused its discretion by considering the need to protect the public from his further crimes under § 3553(a)(2)(C), the language of § 3583(e) specifically permits the district court to consider this factor as part of supervised release revocation proceedings. See 18 U.S.C. § 3583(e). Moreover, Roberson's argument that the district court should not have considered the need to protect the public from his further crimes because Chapters 4 and 7 of the Guidelines already took his criminal history into consideration fails. The § 3553(a) factors, including § 3553(a)(2)(C), are considered in every sentencing hearing, which includes supervised release revocation hearings. See id.; Sweeting, 437 F.3d at 1107.

The district court's consideration of the need to protect the public from Roberson's further crimes was based on the fact that Roberson's instant supervised release revocation was his third revocation before the district court. The district

court explained that it was concerned with Roberson's continuing supervised release violations and his lack of respect for the court, the court's rules, and the authority of the probation office and the court. This concern was well-founded, as Roberson violated his supervised release eight times in the seven months after his release from prison in December 2017. Although Roberson argues that his instant supervised release violations did not allege violations of criminal statutes, his violations (such as testing positive for cocaine in January and May 2018) reflect his disregard and disrespect for the law and his supervised release conditions. As the policy statements in Chapter 7 make clear, revocation of supervised release is a sanction for a defendant's breach of trust. See U.S.S.G. ch. 7, pt. A, 3(b). It is not limited to additional violations of criminal statutes.

## B. Substantive Reasonableness

Roberson also argues that his 24-month prison sentence is unreasonable because 24 months is the same amount of time that he could have received if he had committed a serious drug offense, and it is the maximum that he could have received if the government had alleged and proven that he committed new crimes from which the public needed protection.

Roberson has not shown that his 24-month prison sentence is substantively unreasonable. Contrary to his argument, Roberson's 24-month sentence is not substantively unreasonable because it is the maximum sentence or equal to a

13

sentence he may have received had he been prosecuted for a serious drug offense. See Irey, 612 F.3d at 1187; Silva, 443 F.3d at 799 (upholding a 24-month prison sentence where defendant had violated his probation conditions several times, and his applicable guidelines range was 3 to 9 months' imprisonment). Rather, the 24-month sentence imposed is expressly permitted by statute. See 18 U.S.C. § 3583(e)(3).

Further, the district court explicitly stated on the record that, pursuant to § 3583(e), it had considered the § 3553(a) factors and the Chapter 7 policy statements. See Sweeting, 437 F.3d at 1107; Silva, 443 F.3d at 799. The district court cited three § 3553(a) factors that it found most relevant—the nature and circumstances of Roberson's offense, Roberson's history and characteristics, and the need to protect the public from Roberson's further crimes—and properly weighed the § 3553(a) factors.

The district court found important that it was Roberson's third supervised release revocation before the court, stressing that Roberson had learned nothing from his two prior revocations, and that Roberson's continuing supervised release violations showed that he was "incapable of being supervised" and had a "complete inability to follow the rules." Also, the district court stated that Roberson has issues with dishonesty and trying to hide his actions. The district court explained that it was concerned with Roberson's lack of respect for the court,

14

the court's rules, and the authority of the probation office and the court, as evidenced by eight violations of his supervised release, including using controlled substances, failing to appear for drug screenings, and failing to notify or truthfully respond to his probation officer. The district court thus gave a compelling justification to support the upward variance to 24 months' imprisonment. See Williams, 526 F.3d at 1322. The district court was within its discretion to consider Roberson's continuing supervised release violations in imposing an upward variance. See Irey, 612 F.3d at 1187; Tome, 611 F.3d at 1379.

We disagree with Roberson that the district court gave too much weight to the need to protect the public from Roberson's further crimes. While the district court did consider that factor, the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). The record also shows that the district court considered other § 3553(a) factors and the Chapter 7 policy statements in determining an appropriate sentence.

## III. CONCLUSION

In conclusion, we cannot say the district court's decision to impose an upward variance in this case was an abuse of discretion. On this record, Roberson's 24-month sentence was both procedurally and substantively reasonable.

15

**AFFIRMED.**