[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-10277
Non-Argument Calendar

————————————————

D.C. Docket No. 1:15-cr-00199-JB-N-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASMIN BANKS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama

————————————————

(June 20, 2019)

Before TJOFLAT, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Defendant Jasmin Banks appeals her 24-month prison sentence imposed upon revocation of her supervised release term.  On appeal, Banks argues that her revocation sentence, above the advisory guidelines range of 8 to 14 months' imprisonment, is substantively unreasonable.  After review, we affirm.

## I.  BACKGROUND FACTS

### A.    Conviction and Supervised Release

In 2015, Banks and a codefendant were charged with nine counts of uttering counterfeited obligations ($50 and $100 bills) and one count of possessing a forged and counterfeited obligation (eight $100 bills), all in violation of 18 U.S.C. § 472. Pursuant to a written plea agreement, Banks pled guilty to one count of uttering a forged and counterfeited $100 bill at a restaurant on July 22, 2015.  Banks admitted that she and her codefendant boiled and bleached real $1 bills to remove the ink, made the bills look like $100 bills, and then passed the counterfeited $100 bills at stores in the Mobile, Alabama area.

In March 2016, the district court sentenced Banks to a prison term of 12 months and 1 day, followed by 3 years of supervised release.  As conditions of her supervised release, Banks was prohibited from, among other things: (1) committing federal, state, or local crimes; (2) leaving the Southern District of Alabama without permission; (3) failing to notify the probation officer at least 10 days prior to any change in residence or employment; (4) failing to notify the

2

probation officer within 72 hours of being arrested; and (5) failing to make restitution in the amount of $950. On November 9, 2016, Banks completed her custodial sentence and began serving her supervised release term.

## B.    December 2016 Arrest and Probation Officer's Report

On December 26, 2016, less than two months into her supervised release term, Banks and a man were arrested when the man tried and failed to pass a counterfeited $100 bill at a convenience store in Creola, Alabama. With Banks's consent, the investigating police officer searched her purse and found an additional counterfeited $100 bill and prescription pills in the name of Sonny Wright. The man later admitted to the investigating officer that he had obtained the counterfeited $100 bill from Banks.

On January 18, 2017, Banks's federal probation officer filed a report with the district court about Banks's arrest. In an interview with the probation officer, Banks denied any involvement and claimed the purse actually belonged to her friend Sonny Wright, who corroborated Banks's story. As a result, Banks's probation officer recommended that the district court allow Banks to continue on supervised release until she was convicted of new criminal charges, at which point the probation officer would initiate revocation proceedings, and the district court agreed. Banks's probation officer warned her that "her conduct and association with individuals involved in criminal conduct could likely result in revocation

3

proceedings." Later, in August 2018, Banks's state charge of criminal possession of a forged instrument was "No Billed."

## C.    October 2018 Arrest and Petition for Revocation

About two months later, on October 8, 2018, Banks was arrested in Mobile on three counts of criminal possession of a forged instrument. Specifically, on October 4, 2018, Banks passed a counterfeited $100 bill at a Subway restaurant. After conducting surveillance, the U.S. Secret Service executed a search warrant at Banks's apartment and found items used to counterfeit bills, such as degreasers, printers, and an iron, as well as bleached $1 bills. In a subsequent interview, Banks admitted printing counterfeit bills in her apartment and described the process of bleaching $1 bills. Banks said she distributed the counterfeited $100 bills to others to pass and break for real money.

On October 30, 2018, Banks's federal probation officer petitioned to revoke Banks's supervised release based, in part, on the October 2018 arrest. The revocation petition also alleged outstanding 2016 charges in Escambia County, Florida for burglary, larceny, and damage to property, but Banks did not admit this Florida offense conduct, and the government agreed to drop that charge. Pertinent to this appeal, the petition charged that Banks had violated her conditions of release by: (1) violating Alabama law, as reflected in her charges of criminal possession of a forged instrument; (2) failing to obtain permission to leave the

4

Southern District of Alabama, in that security camera footage showed Banks in Pensacola, Florida in December 2016; (3) failing to notify a probation officer of her change in employment, particularly that she was fired by her employer, Alabama Auto Auction; (4) failing to notify a probation officer of an arrest, specifically her October 2018 arrest on new Alabama charges of possessing forged instruments; and (5) failing to make monthly restitution payments.

## D.    Revocation Hearing

At the revocation hearing, Banks admitted the supervised release violations listed above.  Because Banks's Alabama forged instrument offenses were punishable by up to twenty years, Banks's violation for those offenses constituted a Grade B violation.  See U.S.S.G. § 7B1.1(a)(2); Ala. Code §§ 13A-9-5, 13A-5-6(a)(2).  Therefore, with a criminal history category of III, Banks's advisory guidelines range was 8 to 14 months' imprisonment.  See U.S.S.G. § 7B1.4(a).

The government asked for a 24-month sentence, taking the position that Banks was not a "valid candidate for supervised release" because the offense for which Banks was convicted in 2016 and the offense conduct to which she admitted in the revocation proceedings were the same.  The government argued that, given that Banks was continuing the same criminal conduct and, most importantly, not following the terms of her supervised release, a 24-month term was warranted "in order to deter her conduct."  Banks argued for a sentence within the advisory

5

guidelines range because she had admitted her Alabama conduct, for which she potentially faced new criminal charges.

The district court found that Banks had violated her supervised release conditions and revoked her supervised release. The district court varied upward to impose a 24-month prison sentence, with no supervised release to follow. The district court agreed with the government's recommendation and explained:

> This is exactly the same conduct that you were convicted of and sentenced for and, in short order, after returning from that incarceration, you're doing it again. But you're also supposed to be on supervised release. And part of being on supervised release is being supervised. And when you leave the district and you go without supervision, you are not participating in your supervised release.
> So for those reasons, I do find that the Government's sentence recommendation is appropriate in your case.

The district court indicated it had considered the advisory guidelines range but found it inappropriate in Banks's case.

## II. DISCUSSION

When a defendant violates a condition of supervised release, the district court may revoke the supervised release term and impose a prison term after considering certain factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(3); United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). The relevant § 3553(a) factors the district court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public from the

6

defendant's further crimes; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the relevant guidelines range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims.  See 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).

The district court also must consider the policy statements in Chapter 7 of the Sentencing Guidelines, which include, inter alia, non-binding ranges of imprisonment.  United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).  According to the policy statements in Chapter 7, any sentence imposed upon revocation is a sanction for the defendant's breach of trust.  U.S.S.G. ch. 7, pt. A, 3(b).

We review a sentence imposed upon the revocation of supervised release for reasonableness under the deferential abuse of discretion standard.  Sweeting, 437 F.3d at 1106-07.  We first consider whether the district court committed any significant procedural error and then whether the sentence is substantively reasonable in light of the relevant § 3553(a) factors and the totality of the circumstances.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  The party who challenges the sentence bears the burden to show the sentence is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007)).  A district court is "free to consider any information relevant to [a defendant's] background, character, and conduct in imposing an upward variance." Tome, 611 F.3d at 1379 (quotation marks omitted).  We will vacate such a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted).  We do not presume that a sentence outside of the guidelines range is unreasonable and give due deference to the district court's decision that the § 3553(a) factors support its chosen sentence. United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc).

If a district court revokes a term of supervision, it may require the defendant to serve in prison all or part of the term of supervised release that is statutorily authorized for the offense that resulted in the supervised release term.  18 U.S.C. § 3583(e)(3).  Here, where the underlying offense was a Class C felony, the district court could have imposed a prison term of up to two years.  Id.; see also 18 U.S.C.

§§ 472, 3559(a)(3).  Further, the parties do not dispute that Banks's recommended imprisonment range under advisory Chapter 7 of the Guidelines was 8 to 14 months' imprisonment.  See U.S.S.G. § 7B1.4(a).

On appeal, Banks does not contend that her revocation sentence is procedurally unreasonable.  Banks argues that her sentence is substantively unreasonable because the district court imposed it to punish her for the criminal acts that triggered the revocation.

Banks has not shown that her 24-month sentence is substantively unreasonable.  As the record reveals, within two months of completing her one-year prison term for uttering a counterfeited $100 bill, Banks was arrested along with a man attempting to pass a counterfeited $100 bill at a convenience store. Despite her probation officer's warning, less than a year later (and shortly after her last state charge for possessing a forged instrument was no-billed), Banks herself was caught passing a counterfeited $100 bill at a restaurant.  Banks admits that at the time, she was counterfeiting $100 bills in her apartment in precisely the same way that she had in 2016.  Given that Banks's original 12-month prison sentence did not deter her from resuming her illicit counterfeiting activity "in short order," the district court reasonably concluded that a revocation sentence above the advisory guidelines range of 8 to 14 months was warranted.

9

The district court also stressed that Banks's other admitted violations, which included leaving the district, showed that she was not participating in her supervised release. Not only did Banks leave the district without her probation officer's permission, she failed to notify her probation officer that she had been fired from her job and that she had been arrested on new state charges involving forged instruments. While these violations may be labeled "technical violations," they are not insignificant, especially when viewed in context with her new offense violation, and amply demonstrate that Banks was uncooperative and unwilling to be supervised. In short, the district court's explanation for the sentence provided a sufficiently compelling justification for the ten-month upward variance.

Nothing in the record suggests that the district court's sentence was punishment for Banks's new criminal activity, as Banks contends.[1] Rather, the district court's purpose was to punish Banks's breach of trust and also to deter her in future. The fact that Banks resumed the exact same criminal activity while on

---

[1]In Tapia v. United States, the Supreme Court stated in dicta that "a court may not take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release." 564 U.S. 319, 326, 131 S. Ct. 2382, 2388 (2011). Since Tapia, this Court has not addressed whether it is procedural error for a district court to consider the factors listed in § 3553(a)(2)—the need for the sentence to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment—when imposing a revocation sentence, but this Court has said it is not plain error. See United States v. Vandergrift, 754 F.3d 1303, 1308-09 (11th Cir. 2014) (noting that 18 U.S.C. § 3583 does not explicitly forbid it and the other circuits are split on the issue). Banks does not raise a procedural reasonableness argument, but even if she did, Vandergrift would foreclose it because Banks did not raise any objection to her revocation sentence in the district court. Thus, plain error applies here, and Banks cannot establish plain error under Vandergrift.

10

supervised release was a proper factor for the district court to have considered in evaluating the extent of her breach and the likelihood of future deterrence.

For these reasons, we conclude the district court did not abuse its considerable discretion in weighing the pertinent § 3553(a) factors and arrived at a sentence that was not outside the range of reasonable sentences dictated by the facts of Banks's case.

**AFFIRMED.**